Christopher J. Stender, Esq., Stender & Pope, PC, Phoenix, AZ, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY and RYMER, Circuit Judges.

MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") August 17, 2007 decision denying petitioner's motion to reopen and reconsider.

We have reviewed the record, respondent's motion for summary disposition, and the opposition thereto. We conclude that summary disposition is appropriate because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). The regulations provide that a party may file only one motion to reconsider any given decision, and such motion "must be filed with the Board within 30 days after the mailing of the Board decision." *See* 8 C.F.R. § 1003.2(b)(2). The regulations also provide that "a party may file only one motion to reopen," and that the motion "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." *See* 8 C.F.R. § 1003.2(c)(2). Construed as a motion to reconsider or reopen, the BIA did not abuse its discretion in denying petitioner's motion, filed more than three years after the BIA's December 9, 2002 decision affirming the denial of her application for asylum. *See Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004) (BIA's denial of a motion to reconsider is reviewed for abuse of discretion); *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). Accordingly, respondent's motion for summary disposition is granted.

To the extent petitioner challenges the BIA's decision declining to exercise its *sua sponte* authority to reopen and reconsider, we lack jurisdiction. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

**Eduardo RODELAS–ORTEGA, a.k.a. Eduardo Rodelas; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–73688.

United States Court of Appeals, Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 11, 2008 *.

Filed Feb. 15, 2008.

Eduardo Rodelas–Ortega, Bakersfield, CA, pro se.

Agustina Cid Tepale, Bakersfield, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, W. Manning Evans, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: WALLACE, LEAVY and RYMER, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen.

The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). The regulations state that a motion to reopen removal proceedings must be filed not later than ninety days after the date on which the final order of removal was entered, with certain exceptions. *See* 8 C.F.R. § 1003.2(c).

A review of the administrative record demonstrates that petitioners filed their motion to reopen on July 20, 2007, more than ninety days after March 30, 2007, the date on which their final orders of removal were entered. In addition, the BIA did not abuse its discretion in denying petitioners' motion to reopen where they did not demonstrate prima facie eligibility for relief under the Convention Against Torture ("CAT"). *See Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 869–70 (9th Cir. 2003) ("prima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen"); 8 C.F.R. § 1208.16(c)(2) (applicant for CAT relief must prove "it is more likely than not that he or she would be tortured if removed to the proposed country of removal"). Accordingly, respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

### PETITION FOR REVIEW DENIED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.